IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DOUGLAS G. SMALL,                     )
                                      )
        Plaintiff,                    )
                                      )        CIVIL ACTION NO.
v.                                    )        2:10cv522-MHT
                                      )
FEDERAL DEPOSIT INSURANCE             )
CORPORATION, as Receiver              )
for Colonial Bank,                    )
                                      )
        Defendant.                    )

# RECOMMENDATION OF THE MAGISTRATE JUDGE

Pending before the court is Plaintiff's Complaint (Doc. #1), which was filed on June 17, 2010.  On June 21, 2010, this matter was referred to the undersigned Magistrate Judge for action or recommendation on all pretrial matters.  *See* Order (Doc. #2).  Under Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiff was required to perfect service of process on Defendant within one hundred twenty days from the filing of the Complaint. Accordingly, Plaintiff was required to have served Defendant on or about October 15, 2010.

On October 12, 2010, Plaintiff filed a Motion to Extend Time for Service of Process (Doc. #5).  In the motion, Plaintiff requested the court extend the time in which to effectuate service of the complaint for an additional sixty days.  In support of the motion, Plaintiff stated he was is awaiting "final action" from Defendant on "pending claims" filed pursuant

to 18 U.S.C. § 1821,[1] and that such "final action will determine the Plaintiff's prosecution

of the instant action."  The court granted Plaintiff's request in part and extended the time

in which Plaintiff could effectuate service for an additional twenty days.  *See* Order (Doc.

#6).  Plaintiff failed to serve Defendant.

On November 16, 2010, this court ordered Plaintiff to show cause, on or before

November 22, 2010, why this case should not be dismissed for failure to serve in a timely

manner.  Order (Doc. #7).  Plaintiff was warned that failure to respond to the order to show

cause would result in a recommendation that this case be dismissed.  Plaintiff failed to

show cause and Defendant remains unserved.

Rule 4(c)(1) instructs that "plaintiff is responsible for service of a summons and

complaint within the time allowed under subdivision (m)." Fed. R. Civ. P. 4(c)(1).

Subdivision (m) not only provides the time allowed for service, it also provides as follows:

> If a defendant is not served within 120 days after the complaint is filed, the
> court — on motion or on its own after notice to the plaintiff — must dismiss
> the action without prejudice against that defendant or order that service be
> made within a specified time. But if the plaintiff shows good cause for the
> failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  In this case, the court extended the time for service beyond the one

hundred twenty days and ordered that service be made within a specified time, provided

Plaintiff with notice that the court would dismiss the action if service was not completed,

---

[1] As stated in a previous Order "the court assumes that Plaintiff meant to invoke Title 12
U.S.C. § 1821, as 18 U.S.C. § 1821, concerns the criminal transportation of dentures."  (Doc. #6)
at 1.

and provided Plaintiff an opportunity to show good cause for his failure to timely serve. The next step required by Rule 4(m) is the dismissal of this action without prejudice.

Accordingly, the Magistrate Judge RECOMMENDS that this action be DISMISSED, without prejudice, for failing to timely serve Defendant and for failing to comply with the orders of the court.  It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **by December 29, 2010**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see also Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 15th day of December, 2010.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE